HUGH M. BERRY et al., Respondents, *v.* WILLIAM W.
ARLAND et al., Appellants.

*Berry* v. *Arland*, 153 App. Div. 940, reversed.
(Argued March 7, 1916; decided April 11, 1916.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered December 3, 1912, affirming a judgment in favor
of plaintiffs entered upon a decision of the court on trial
at Special Term, which said judgment discharged a chat-
tel mortgage as usurious and void.

*James O. Sebring* for appellants.

*Delmar M. Darrin* for respondents.

*Per Curiam.* The complaint in this action alleges that
defendants made a loan of money to plaintiffs for which
the latter gave their promissory note dated November
27th, 1907, payable in three months, accompanied by a
chattel mortgage covering household goods to secure the
loan; that the note was renewed every three months to
about the end of the year 1908, and thereafter at a dif-
ferent period of time, and that the last renewal note
became due and payable January 2d, 1911. It further
alleged that the original note, the chattel mortgage and
the renewal notes were void for usury, and that on Jan-
uary 26th, 1911, plaintiffs demanded that defendants sur-
render up the chattel mortgage, execute a discharge of
the same and surrender the notes held by them. Plain-
tiffs stated that they had no adequate remedy at law,
and demanded judgment that the notes and chattel
mortgage be declared usurious and void and surrendered
to plaintiffs. The answer was a general denial.

The chattel mortgage was not filed, neither was it pro-
duced on the trial, defendants denying that a mortgage
had been executed, and the existence of such instrument
is not stated in the findings save by implication when the
trial justice found that it had never been transferred or

discharged and defendants were still the owners of the same.  The trial justice found that the notes and mortgage were usurious and void and that plaintiffs were entitled to judgment directing the cancellation and discharge of the chattel mortgage.

In the opinion of the trial justice he discussed the facts and said: "The whole transaction was tainted with usury, and a court of equity should furnish these poor people some relief.  Plaintiffs have no adequate remedy at law for the reason that defendants transferred the last of the series of notes to a bank in Bath, which in turn transferred it to the Hammondsport Law, Loan and Collection Association, and the defense of usury would probably not be available to the plaintiffs as against the bank or the Hammondsport Association to the extent of wiping out the claim    *    *    *.

"It is unfortunate in this case that the last of the series of notes is not proven to be still owned by and in the possession of these defendants, but inasmuch as it appears that before maturity it was transferred to other parties who are not brought into this action, an adjudication with reference to the last note would not be proper here, but the chattel mortgage, being tainted with usury, and covering plaintiff's household goods, must be deemed to be void, and should be canceled."

Upon the trial the plaintiffs denied having delivered the last note in question, and asserted that the last note executed by them was past due at the time of the demand made by them on the defendants for satisfaction of the chattel mortgage and the surrender of the note.  The trial justice did not make findings upon the disputed facts relating to the same.  If, as matter of fact, the defendants were the owners of the last note signed by the plaintiffs the judgment should have required a cancellation of the note as well as of the chattel mortgage.

The findings of the justice do not determine the ownership of the last note actually executed by the plaintiffs. If, as claimed by them, the note alleged to be the property of the Hammondsport Company was not executed by

them and defendants were the owners of the last note plaintiffs did execute, the findings should disclose that fact. If, as matter of fact, the plaintiffs did execute the note held by the Hammondsport Company and the latter was a *bona fide* holder of the same, and a chattel mortgage had been given to secure the payment of the note, the collateral would follow the obligation it was intended to secure. If the Hammondsport Company had an interest in the chattel mortgage, it could not be deprived of the same in an action in which it was not afforded an opportunity to be heard.

The findings of the trial justice are insufficient to sustain the conclusions of law. The judgment must be reversed and a new trial granted, costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDE-BACK, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment reversed, etc.